**PERVEZ & REHMAN, P.C**
Aneeba Rehman (AR 6404)
Nadia M. Pervez (NP 5388)
*Attorneys for Plaintiffs*
68 South Service Road
Suite 100
Melville, NY 11747
(631) 427-0700
info@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MANUEL DE JESUS, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members

Plaintiffs,

-against-

SEA CREST DINER- RESTAURANT, AMARINTHIA
DINER CORP., SAYVILLE RESTAURANT CORP.,
SEACREST PALACE DINER INC., PEDRO FEROFINO,
JOSE FLORES, MATOULA VRATSANOS and
JERRY GEORGES

Defendants.

------------------------------------------------------------------X

Docket No.: 17-CV-275

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

Jury Trial Demanded

Plaintiffs MANUEL DE JESUS (hereinafter, "MANUEL" and/or "PLAINTIFF") on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Pervez & Rehman P.C., files this Class and Collective Action Complaint against defendants SEACREST DINER-RESTAURANT, AMARINTHIA DINER CORP., SAYVILLE RESTAURANT CORP., SEACREST PALACE DINER INC., PEDRO FEROFINO, JOSE FLORES, MATOULA VRATSANOS and JERRY GEORGES (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. Seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) minimum wages; (2) unpaid overtime compensation; (3) compensatory and/or statutory damages for retaliatory discharge; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) failure to issue wage statements (5) compensatory and/or statutory damages for retaliatory discharge; (6) liquidated damages; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 because the conduct creating the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff MANUEL DE JESUS ("MANUEL"), is a resident of Suffolk County, New York.

6. Defendant SEACREST DINER RESTAURANT ("SEACREST DINER"), is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 229 West Main Street, Sayville, New York 11782.

7. Defendant, PEDRO FEROFINO (hereinafter, "PEDRO"), is the owner and officer, director, shareholder, manager, and proprietor of SEACREST DINER and, who actively participated and continues to actively participate in the day-to-day operations of SEACREST DINER, and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with SEACREST DINER.

8. AMARINTHIA DINER CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 229 West Main Street, Sayville, New York 11782.

9. Defendant, MATOULA VRATSANOS (hereinafter, "MATOULA"), is the owner and officer, director, shareholder, manager, and proprietor of AMARINTHIA DINER CORP. and, who actively participated and continues to actively participate in the day-to-day operations of AMARINTHIA DINER CORP., and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor

Law § 2 and the Regulations thereunder, and is jointly and severally liable with AMARINTHIA DINER CORP.

10. SAYVILLE RESTAURANT CORP., was a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 229 West Main Street, Sayville, New York 11782.

11. Defendant, JERRY GEORGES (hereinafter, "JERRY"), was the owner and officer, director, shareholder, manager, and proprietor of SAYVILLE RESTAURANT CORP. and, who actively participated and continues to actively participate in the day-to-day operations of SAYVILLE RESTAURANT CORP., and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with SAYVILLE RESTAURANT CORP.

12. SEACREST PALACE DINER INC., was a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 229 West Main Street, Sayville, New York 11782.

13. Defendant, JOSE FLORES (hereinafter, "JOSE"), was the owner and officer, director, shareholder, manager, and proprietor of SEACREST PALACE DINER INC. and, who actively participated and continues to actively participate in the day-to-day operations of SEACREST PALACE DINER INC., and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2

and the Regulations thereunder, and is jointly and severally liable with SEACREST PALACE DINER INC.

14. Defendants PEDRO, MATOULA, JOSE and JERRY exercise control over the terms and conditions of Plaintiff's employment in that they have and have had the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of pay, (iii) determine and approve work schedules, (iv) supervise and control he work of the employees, and (v) otherwise affect the quality of the employees' employment.

15. At all relevant times, SEACREST DINER, AMARINTHIA DINER CORP., SAYVILLE RESTAURANT CORP. and SEACREST PALACE DINER INC. were, and continue to be, enterprises "engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16. Defendants employed Plaintiff MANUEL in Suffolk County, New York, to work as a non-exempt busy boy and dishwasher from on or about June 2013 until on or about November 2016 at which time Defendants unlawfully terminated Plaintiff's employment in retaliation for asserting his right to be paid proper wages.

17. The work performed by Plaintiffs was directly essential to the business operated by Defendants.

18. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

20. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

21. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22. Throughout all times relevant to this action, Defendants hired Plaintiffs to work for Defendants.

23. Defendants PEDRO, MATOULA, JOSE and JERRY participated in the day-to-day operation of Defendants' businesses, and directed or directed others to supervise the work of Plaintiffs.

24. Upon information and belief, Defendants PEDRO, MATOULA, JOSE and JERRY are typically present at the construction work site, and actively participate in the day-to-day operation of Defendants.

25. Upon information and belief, Defendants PEDRO, MATOULA, JOSE and JERRY approve all crucial business decisions prior to implementation. This includes decisions concerning employee pay, and whether employees are entitled to a pay increase and, if so, the amount of the raise.

26. Upon information and belief, Defendants PEDRO, MATOULA, JOSE and JERRY have been Plaintiffs' supervisor at all times relevant to this action.

27. Defendants employed Plaintiff MANUEL to work as a non-exempt bus boy and dishwasher from on or about June 2013 through on or about November 2016.

28. Plaintiff MANUEL worked as a bus boy and dishwasher and his duties included, but were not limited to, tending to and cleaning tables, cleaning dishes, kitchen, food preparation equipment, or utensils, and washing dishes, glassware, flatware, pots, or pans, using dishwashers or by hand.

29. During the course of Plaintiff's employment by Defendants, Manuel worked over forty (40) hours per week and/or was paid less than minimum wage.

30. Throughout Plaintiff's employment, he worked as a bus boy from Monday through Friday from seven (7) a.m. to four (4) p.m. Plaintiff was paid $4 an hour straight time as a bus boy for all hours worked.

31. Throughout Plaintiff's employment, he also worked as a dishwasher from Monday through Thursday from four (4) p.m. to twelve (12) a.m., Fridays through Saturdays four (4) p.m to one (1) a.m and Sundays from four (4) p.m. to ten (10) p.m. As a dishwasher Plaintiff was paid $9 an hour straight time for all hours worked.

32. During the entirety of Plaintiff's employment, he was not paid proper minimum wages and/or overtime compensation. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law. Additionally, Manuel was not paid on time.

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wages to Plaintiff and other similarly situated employees.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action individually and as class representative on behalf of themselves and all other current and former non-exempt bus boy and dishwashers who have been or were employed by Defendants since January 2013 to the entry of judgment in this case (the "Collective Action Period"), and who failed to receive wages, minimum wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

37. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during

the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

40. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

41. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in violation of the FLSA;

Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory,

liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

45. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

46. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable form the records of Defendants. The Hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

47. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

48. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

49. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class' action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interest will be served by addressing the matter as a class action. The adjudication of individual

litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications. With respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members', rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this as a class action.

51. Defendants and other employees throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

52. There are questions of law and feet common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their works;

d.  Whether Defendants provided Plaintiff and the Class with a spread time premium as required by NYLL; and

e.  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action and Class Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendants employed Plaintiff and the Collective Action and Class Members within the meaning of the FLSA.

56. At all relevant times, Defendants had gross revenues in excess of $500,000.

57. Plaintiff and the Collective Action and Class Members worked hours for

which they were not paid the statutory minimum wage.

58. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action and Class Members for hours worked.

59. Defendants failed to pay Plaintiff and the Collective Action and Class Members minimum wages in the lawful amount for hours worked.

60. Plaintiff and the Collective Action and Class Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

61. Defendants failed to pay Plaintiff and the Collective Action and Class Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

62. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff and the Collective Action and Class Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 207(a)(l) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action and Class Members at the statutory minimum wage rate and the statutory overtime

rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

64. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action and Class Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action and Class Members of their rights under the FLSA.

66. Defendants violated Plaintiff's rights by retaliating against him in violation of the FLSA.

67. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action and Class Members are entitled to liquidated damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action and Class Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as

liquidated damages, and prejudgment interest thereon.

69. Plaintiff and the Collective Action and Class Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

70. Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. At all relevant times, Defendants employed Plaintiff, Collective Plaintiffs and Class Members within the meaning of New York Labor Law §§ 2 and 651.

72. Defendants knowingly and willfully violated Plaintiff, Collective Plaintiffs and Class Members rights by failing to pay Plaintiff unpaid wages and/or minimum wage.

73. Defendants knowingly and willfully violated Plaintiff, Collective Plaintiffs and Class Members rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

74. Defendants knowingly and willfully violated Plaintiff, Collective Plaintiffs and Class Members rights by failing to pay Plaintiff "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

75. Defendants failed to furnish Plaintiff, Collective Plaintiffs and Class Members with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

76. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

77. Defendants retaliated against Plaintiff in violation of the NYLL.

78. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

79. Due to the Defendants' New York Labor Law violations, Plaintiff, Collective Plaintiffs and Class Members is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

80. Plaintiff, Collective Plaintiffs and Class Members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Violation of the New York Labor Law in Failure to Furnish Proper Wage Statements]**

81.        Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "80" of this Complaint as if fully set

forth herein.

82. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

83. As described above, Defendants willfully failed to furnish Plaintiff, Collective Plaintiffs and Class Members on each payday with accurate wage statements containing the criteria required under the NYLL.

84. Pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, Collective Plaintiffs and Class Members in the amount of $100 for each failure of this sort.

85. For its failures, besides the statutory penalties, Defendants are also liable to Plaintiff, Collective Plaintiffs and Class Members for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

86. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELEIF

**WHEREFORE,** PLAINTIFF on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by

filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Members;

C.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, FLSA and New York State laws;

D.      Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

E.      An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs and Class Members for participation in any form in this litigation;

F.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices including unpaid wages, minimum wages, overtime wages, spread of hours compensation among those alleged herein;

G.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

H.      Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court

finds necessary and proper.

Dated:     January 18, 2017
           Melville, New York

                              By: _____
                                  Aneeba Rehman
                                  Nadia Pervez
                                  *Attorneys for Plaintiffs*
                                  Pervez & Rehman, P.C.
                                  68 South Service Road
                                  Suite 100
                                  Melville, NY 11747
                                  (631) 427-0700
                                  arehman@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MANUEL DE JESUS, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members

                Plaintiffs,                     Docket No.: 17-CV-275

           -against-

SEA CREST DINER- RESTAURANT, AMARINTHIA
DINER CORP., SAYVILLE RESTAURANT CORP.,        Verification
SEACREST PALACE DINER INC., PEDRO FEROFINO,
JOSE FLORES, MATOULA VRATSANOS and
JERRY GEORGES

                Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

I, Manuel De Jesus, am the Plaintiff in the within action for. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                              _____
                              Manuel De Jesus

Sworn to before me on this _18th_ day
of _January_, 2017.

_____
         Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2017

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, Manuel De Jesus, am an employee formerly employed Sea Crest Diner- Restaurant, Amarinthia Diner Corp., Sayville Restaurant Corp., and Seacrest Palace Diner Inc. I consent to be a plaintiff in the above captioned action to collect unpaid wages.


Dated: Melville, New York

~~December~~ January 10th, 2017


_____
Manuel De Jesus

Sworn to before me on this 10th day
of January , 2017.

_____
Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2017