UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MANUEL DE JESUS, on behalf of himself and
others similarly situated,

                                  **Plaintiff,**

    -against-

SEA CREST DINER- RESTAURANT,
SEACREST PALACE DINER INC., PEDRO
FEROFINO and JOSE FLORES,

                                **Defendants.**
----------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
17-CV-275 (ADS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court, on referral from the Honorable Arthur D. Spatt for

Report and Recommendation in this wage and hour action, is Plaintiff Manuel

De Jesus's ("Plaintiff" or "De Jesus") motion for default judgment.  *See* Docket Entry

("DE") [15].  By way of Complaint filed January 18, 2017, De Jesus commenced the

instant action against Defendants Sea Crest Diner-Restaurant ("Sea Crest Diner"),

Sea Crest Palace Diner, Inc. ("Sea Crest Palace"), Pedro Ferofino ("Ferofino") and

Jose Flores ("Flores") (collectively "Defendants"), alleging failure to:  (1) compensate

for overtime hours worked in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650

*et seq.*; (2) pay the minimum wage in violation of the FLSA and NYLL;

(3) compensate for the spread of hours premium under the NYLL; and (4) provide

wage statements in accordance with NYLL § 195(3).[1]  *See* DE [1].  After Defendants

---

[1] Although the caption indicates the intent to proceed as a class or collective action, no motion for
certification was ever filed.  Further, the Complaint interchangeably spells "Sea Crest Diner" and "Sea

failed to answer or otherwise respond, the Clerk of the Court entered default against Defendants Ferofino, Sea Crest Diner and Sea Crest Palace, *see* DE [17], and Plaintiff thereafter filed the instant motion for default judgment.[2]  *See* DE [18].  Judge Spatt subsequently referred the motion to this Court for a Report and Recommendation as to whether a default judgment should be granted and, if so, to determine the appropriate amount of damages.  *See* Electronic Order dated March 2, 2018.

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. Specifically, the Court recommends that the motion be granted as to De Jesus's FLSA and NYLL overtime and minimum wage claims as well as his NYLL wage statement cause of action but denied as to his NYLL spread of hours claim.  The Court also recommends that, due to De Jesus's failure to properly serve Flores, the claims against him be dismissed without prejudice.  Further, the Court recommends that De Jesus be awarded damages totaling $112,971.40, comprised of:  (i) $47,252.00 in compensatory damages; (ii) $47,252.00 in liquidated damages; (iii) $5,000.00 for Defendants' failure to provide wage statements under NYLL 195(3); and (iv) $13,467.40 in prejudgment interest, with interest accruing at a daily rate of $11.65 until judgment is entered.  Finally, the Court recommends that Plaintiff's counsel be awarded attorneys' fees in the amount of one-third of De Jesus's recovery,

---

Crest Palace" as "Seacrest Diner" and Seacrest Palace Diner" and vice versa.  However, for consistency, the Court refers to these entities as "Sea Crest Diner" and "Sea Crest Palace."

[2] The Certificate of Default, however, is not against Defendant Flores due to Plaintiff's failure to properly effectuate service of process.  *See* DE [17].  Nevertheless, for brevity, the Court continues to collectively refer to Ferofino, Sea Crest Diner and Sea Crest Palace as "Defendants."

which amounts to $37,280.56 in attorneys' fees and an additional $1,076.96 in costs, for a total of $151,328.92.

## I.   Background

The following facts are taken from Plaintiff's Complaint ("Compl."), DE [1]; the Declaration of Manuel De Jesus ("De Jesus Decl."), DE [18-3], Ex. F; the Declaration of Aneeba Rehman ("Rehman Decl."), DE [18-2]; and accompanying exhibits.  All facts are presumed true for the purpose of this motion.

Defendants' purported failure to pay overtime, minimum wage and spread of hours compensation or provide wage statements to Plaintiff De Jesus sparks the instant action.  *See generally* Compl.  Both Defendants Sea Crest Diner and Sea Crest Palace are domestic corporations with principal places of business at 229 West Main Street, Sayville, New York 11782.  Defendant Ferofina owns Sea Crest Diner and actively participates in its day-to-day management, including determining employees' salaries, making hiring decisions, and creating, implementing, and supervising wage and hour practices and policies.  *See* Compl. ¶ 7.

De Jesus was employed by Defendants in two separate and distinct positions—busboy and dishwasher—from approximately June 2013 through November 2016. Compl. ¶ 16; *see also* De Jesus Decl. ¶ 1.  As a busboy, Plaintiff worked 45 hours per week and was paid $4.00 per hour.  *See* Compl. ¶ 30.  De Jesus also worked as a dishwasher and was paid $9.00 per hour and worked a total of 47 hours per week. *See id.* ¶ 31.  Specifically, De Jesus worked Monday through Friday from 7 a.m. to 4:00 p.m. as a busboy, *see id.* ¶ 30, and in the evenings, Monday through Thursday

3

from 4:00 p.m. to 12:00 a.m., he worked as a dishwasher. *See id.* ¶ 31; *see also* De Jesus Decl. ¶ 2. Plaintiff also worked as dishwasher on Saturdays from 4:00 p.m. to 1:00 a.m. and Sundays from 4:00 p.m. to 10:00 p.m. *See* De Jesus Decl. ¶ 5. Significantly, the Complaint does not indicate which Corporate Defendant specifically employed Plaintiff as a dishwasher or busboy nor does it assert that the Defendants operated as a single enterprise. *See generally* Compl. In these roles, De Jesus's duties included cleaning tables, dishes and the kitchen, as well as food preparation and washing dishes, pots and pans. *Id.* ¶ 28. Plaintiff asserts that Defendants had a policy to not pay the minimum wage, overtime compensation or spread of hours premium to employees. *Id.* ¶¶ 32-33. Further, De Jesus claims that Defendants failed to provide wage statements or keep adequate payroll records. *See id.* ¶¶ 75-76.

Based on the above, by way of Complaint filed January 18, 2017, De Jesus commenced this litigation against Defendants seeking unpaid overtime, minimum wage and spread of hours pay and compensation for Defendants' failure to provide wage statements. *See* Compl. Defendants Sea Crest Diner, Sea Crest Palace and Ferofino were served in February 2017, but Plaintiff was unable to locate Defendant Flores and he was therefore not served. Defendants Ferofino, Sea Crest Diner and Sea Crest Palace failed to respond or otherwise appear in this matter, and a Certificate of Default was entered against them on January 16, 2018. *See* DE [17]. On March 1, 2018, Plaintiff moved for a default judgment, *see* DE [18], and one day later, Judge Spatt referred the motion to this Court for a Report and Recommendation

4

as to whether it should be granted, and if so, what damages should be awarded. *See* Electronic Order dated March 2, 2018.

## II.   Legal Standard

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process.   *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court.   *See* Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.   *Id.*  Where a default occurs, the well-pleaded factual allegations set forth in a complaint concerning liability are deemed true.   *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6)  ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  *Profi-Parikiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-cv-4358, 2014 U.S. Dist. LEXIS 71289, at *11 (E.D.N.Y. May 23, 2014) (Report and Recommendation), *adopted by*, 2014 U.S. Dist. LEXIS 83128 (E.D.N.Y. June 18, 2014) (internal quotation omitted).   Rather, the district court must determine whether the plaintiff's allegations establish liability as a matter of law. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (holding

that a plaintiff seeking a default judgment must establish that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action"). Courts consider three factors when determining whether to grant a default judgment: (i) whether the defendant's default was willful; (ii) whether the defendant has a meritorious defense; and (iii) the level of prejudice to the non-defaulting party if the motion is denied. *See Phillips 66 Co. v. TNT Petroleum, Inc.*, No. 15-cv-593, 2017 WL 765884, at *3 (E.D.N.Y. Feb. 2, 2017), *Report and Recommendation adopted*, No. 15-cv-5938, 2017 WL 758498 (E.D.N.Y. Feb. 27, 2017), *order corrected and superseded*, No. 15-cv-5938, 2017 WL 902533 (E.D.N.Y. Mar. 2, 2017), *and Report and Recommendation adopted*, No. 15-cv-5938, 2017 WL 902533 (E.D.N.Y. Mar. 2, 2017). The decision whether to enter a default judgment "is entrusted to the sound judicial discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.").

If liability is established, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. *See*

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

## III.   Discussion

Initially, the Court recommends dismissal without prejudice of the claims against Defendant Flores due to Plaintiff's failure to properly effectuate service of process.  *See* Fed. R. Civ. P. 4(m); *see also Milord v. Duran*, No. 13-cv-5451, 2014 WL 4207610, at *2 (E.D.N.Y. Aug. 25, 2014) (*sua sponte* dismissing plaintiff's claims for failure to comply with Rule 4(m)).  For the reasons set forth below, the Court concludes that the Complaint sufficiently demonstrates the remaining Defendants' liability for failure to pay minimum and overtime compensation under the FLSA and NYLL or provide wage statements as required under the NYLL.  However, the Court concludes that Plaintiff fails to establish his entitlement to recover for spread of hours compensation under the NYLL.  Further, the Court recommends that Plaintiff be awarded damages in the amounts described below.

### A.   <u>Liability</u>

#### 1.  *Fair Labor Standards Act*

Initially turning to the FLSA, Plaintiff alleges that he is owed minimum wage and overtime compensation for the period June 2013 through November 2016. *See* De Jesus Decl. ¶ 1.  For the reasons set forth below, the Court recommends that Defendants be found liable for violating the FLSA.

i.   *Employer/Employee Relationship*

At the outset, Plaintiff must establish that Defendants are employers under the FLSA and are engaged in interstate commerce. *See* 29 U.S.C. § 207; *D'Arpa v. Runway Towing Corp.*, No. 12-cv-1120, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . . " 29 U.S.C. § 203(d). To determine whether an individual is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013) (citation omitted). In addition, the analysis depends on whether the defendant had "operational control" over employees. *Id.* at 110.

An employer is subject to the FLSA if it is engaged in interstate commerce. Specifically, an employer is liable for wage violations under the FLSA "if it hires an employee who either: 1) is engaged in commerce or in the production of goods for commerce or 2) is employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *See Valdez v. H & S Rest. Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2 (E.D.N.Y. Mar. 29, 2016), *Report and Recommendation adopted by*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016). An "enterprise engaged in interstate commerce" is an entity "whose annual gross

8

volume of sales made or business done is not less than $500,000" and has employees that engage in interstate commerce.  29 U.S.C. § 203(s)(1); *see also Valdez*, 2016 WL 3079028, at *2.

Here, the Court concludes that Defendants are employers under the FLSA. Looking first to Sea Crest Diner and Sea Crest Palace, De Jesus alleges that he worked for the corporate entities and that they controlled and ratified all employee compensation policies. *See* Compl. ¶¶ 34-35.  Where, as here, "defendants had control over the terms and conditions of plaintiff's employment," defendants are considered employers under the FLSA.  *See Valdez*, 2016 WL 3079028, at *3.  Regarding Ferofina, the Complaint alleges that he controlled the business functions of Sea Crest Diner, determined employees' salaries, made hiring decisions, and was involved with the wage and hour policies of the restaurant.  *See* Compl. ¶ 15.  Applying the economic realities test, this is sufficient to allege that Ferofina is an employer under the FLSA. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (citation omitted).  Further, the Complaint alleges sufficient collective action undertaken by Defendants as to impose joint and several liability under the FLSA. *See Shim v. Millennium Group, LLC*, No. 08-cv-4022, 2010 WL 409949, at *1 (E.D.N.Y. Jan. 27, 2010) (finding on  default judgment that both individual defendants and corporation were

liable under the FLSA where complaint contained allegations of actions taken collectively by "defendants").

Plaintiff also properly establishes that Defendants are an enterprise engaged in interstate commerce.  The Complaint alleges that the gross annual volume of sales made or business done was not less than $500,000, and that "Defendants are enterprises engaged in commerce or in the production of goods for commerce." Compl. ¶ 15, 56.  Although Plaintiff does not provide specific instances of interstate commerce, the Court can infer a nexus considering that Defendants are engaged in the food industry and that Plaintiff handled food products, which presumably were transferred between states.  *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015), (Report and Recommendation)*, adopted by*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015) (inferring interstate commerce where defendants were engaged in the food supply industry); *Huerta v. Victoria Bakery*, 10 CV 4754, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012) (assuming interstate commerce because "[i]t is inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the bakery did not sell its products outside the State of New York.").  Accordingly, the Court recommends that all Defendants be deemed employers under the FLSA, such that they can be held jointly and severally liable for any violation of the FLSA's overtime and minimum wage requirements.

ii.   *Overtime and Minimum Wage Claim*

The Court now turns to the substance of Plaintiff's FLSA claims.  As relevant

to unpaid overtime compensation, the FLSA provides:

> [N]o employer shall employ any of his employees who in any workweek
> is engaged in commerce or in the production of goods for commerce, or is
> employed in an enterprise engaged in commerce or in the production of
> goods for commerce, for a workweek longer than forty hours unless such
> employee receives compensation for his employment in excess of the
> hours above specified at a rate not less than one and one-half times the
> regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Further, the FLSA requires that "every employer shall pay to

each of his employees who in any workweek is engaged in commerce . . . [the minimum

wage]."  29 U.S.C. § 206(a).  The statute further provides that employers must pay

their employees the state minimum wage if it exceeds the federal minimum wage.

*See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall

excuse noncompliance with any Federal or State law or municipal ordinance

establishing a minimum wage higher than the minimum wage established under this

chapter . . . . ").

Here, the Complaint establishes overtime and minimum wage violations.[3]  De

Jesus alleges that he worked approximately forty-seven and forty-five hours per week

---

[3] Under the FLSA, the employment of any employee who worked for two or more joint defendants is
considered one employment for the purposes of overtime.  *See Teri v. Spinelli*, 980 F. Supp. 2d 366,
376 (E.D.N.Y. 2013). As a corollary of the above, "the employer must total all the hours worked by the
employee for him in that workweek (even though two or more unrelated job assignments may have
been performed)." 29 C.F.R. § 778.103.  Here, Plaintiff does not assert that the Defendants operated
as a joint enterprise.  *See generally* Compl.  Therefore, the Court does not consider De Jesus's positions
as a dishwasher and busboy as one employment for the purposes of overtime.  However, as noted above,
while the Complaint does not identify the specific Defendants that employed Plaintiff in the above
respective jobs, the collective allegations regarding Defendants is sufficient to impose joint and several
liability.

as a busboy and dishwasher, respectively.  Compl. ¶¶ 17, 19.  For the hours in excess of 40, he was only paid "straight time pay," and not time-and-a-half.  *Id.* at 28.  As such, Plaintiff pleads a violation of the FLSA's overtime provision.  *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 122 (E.D.N.Y. 2011) ("Because the Complaint alleges that Plaintiffs worked more than 40 hours a week and were not paid time-and-a-half for their overtime hours, Plaintiffs have sufficiently pleaded a violation of 29 U.S.C. § 207.").  Further, Plaintiff alleges that Defendants failed to pay the applicable minimum wage rate for hours that he worked as a busboy.  *See* Compl. ¶ 18.  Accordingly, based on the allegations in the Complaint, the Court recommends that Defendants be found liable for failure to pay overtime and the minimum wage in violation of the FLSA.

## 2.  *New York Labor Law*

Turning to De Jesus's NYLL claims, he also asserts that Defendants violated the NYLL's overtime, minimum wage, spread of hours, and wage notice provisions. Applying the standards below, the Court recommends that Defendants be found liable for violating the overtime, minimum wage, and wage notice provisions of the NYLL, but not liable as to the spread of hours regulation.

### i.  *Overtime and Minimum Wage*

"The New York Labor Law 'is the state analogue to the federal FLSA.'"  *D'Arpa*, 2013 WL 3010810, at *18 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)).  As such, its "definition of employment is nearly identical to that of the [federal statute]."  *See Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349, 2013

WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013).  Therefore, due to these similarities, a court approaches FLSA and NYLL claims in the same manner.  *See, e.g.*, *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) ("[C]ourts in the Second Circuit have generally applied their analysis of a plaintiff's FLSA claim to a plaintiff's NYLL claim due to the substantial similarity in the provisions.").  Accordingly, for the reasons set forth above regarding the FLSA, the Court finds that Defendants violated the overtime and minimum wage provisions of the NYLL.  *See D'Arpa*, 2013 WL 3010810, at *18.

ii.   *Failure to Provide Wage Statements*

De Jesus also seeks default judgment for Defendants alleged failure to provide wage statements under Section 195(3) of the NYLL.  Pursuant to NYLL § 195(3), every employer shall  "furnish each employee with a statement with every payment of wages . . . ."  N.Y. Lab. Law § 195(3).  If an employer violates NYLL § 195(3), the employee can recover $250.00 for each work day that the violation occurred, not to exceed $5,000.  N.Y. Lab. Law § 198(1-d).  Here, as De Jesus asserts that he did not receive any wage statements throughout the entirety of his approximately three-year employment, *see* Compl. ¶¶83-84, he establishes a violation of the pay stub provision of the NYLL.  Accordingly, the Court recommends that Defendants be found liable for violating NYLL § 195(3).

iii.   *Spread of Hours Claim*

Finally, the Complaint seeks damages pursuant to the NYLL's spread of hours provision for shifts in which he worked more than ten hours.   Under the

13

implementing regulations of the NYLL, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which" an employee works in excess of 10 hours.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.  Furthermore, this applies to "all employees in restaurants . . . regardless of a given employee's regular rate of pay."  *Id.* at § 146-1.6.  "In other words, employers must pay restaurant workers an extra hour's pay at the regular minimum wage for each day they work more than ten hours."  *Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176, 2016 WL 3248493, at *28 (S.D.N.Y. June 9, 2016) (alteration omitted) (quoting *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 241 (2d Cir. 2011)).

Here, De Jesus fails to establish a violation of the NYLL spread of hours provision.  While the Complaint seeks relief for spread of hours compensation, *see* Compl. ¶¶ 24, Prayer for Relief (C), Plaintiff's memorandum of law in support of the instant motion, assorted declarations and damages calculations are largely silent as to that claim.  *See* DE [13-1, 13-7].  Therefore, the Court deems this request abandoned.  *See Rios v. Neighborhood Const. Corp.*, No. 07-cv-8701, 2009 WL 3335354, at *1 (S.D.N.Y. Oct. 14, 2009); *Wells Fargo Bank, N.A. v. Landi*, No. 13-CV-5822, 2015 WL 5655810, at *2 (E.D.N.Y. Aug. 14, 2015), *Report and Recommendation adopted*, No. 13-CV-5822, 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015) (finding claims for relief abandoned when not included in proposed judgment); *see also Trs. of Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, 2009 WL 3188303, at *3 n.1, *4 & n.3 (E.D.N.Y. Oct.1, 2009).  Further, considering

14

Plaintiff's alleged work hours, as set forth in the Complaint and instant motion, the Court cannot discern any purported shifts that satisfy the 10-hour requirement necessary to trigger relief under Section 142-2.4. *Rios v. B B Q Chicken Don Alex, Inc.*, No. 16-cv-6630, 2018 WL 264512, at *5 (E.D.N.Y. Jan. 2, 2018) (finding that shifts that did not exceed ten hours in length did not support a spread-of-hours premium claim). Accordingly, the Court concludes that Plaintiff has failed to adequately establish a violation the NYLL's spread of hours requirement and recommends dismissal of this claim.

## B.   **Default Judgment Factors**

Having concluded that there is a basis for liability as to the majority of Plaintiff's claims, the Court turns to the relevant factors outlined above, namely, willfulness, the existence of a meritorious defense, and prejudice, to determine whether, under the circumstances, entry of a default judgment is appropriate.

### 1. *Willfulness*

"When a defendant is continually and 'entirely unresponsive,' [its] failure to respond is considered willful." *See PJF Trucking*, 2014 U.S. Dist. LEXIS 134095 at *12 (citations omitted) (finding that the defendant's failure to respond to the Complaint "sufficiently demonstrate[d] willfulness"). Plaintiff submits an affidavit of service demonstrating that Defendants were served with the Summons and Complaint on October 11, 2017. *See* Affidavit of Service, DE [18-4], Ex. D. Defendants failed to answer or otherwise respond to the Complaint and did not seek an extension of time to respond. Finally, De Jesus submits a Certificate of Service

15

establishing that Defendants were served with the instant motion and supporting papers on March 1, 2018. *See* Certificate of Service, DE [18-1] at 12. Therefore, "there is no indication that Defendant's failure to respond to the Complaint, despite being properly served, was anything but deliberate," and therefore willful. *PJF Trucking*, 2014 U.S. Dist. LEXIS 134095 at *12.

### 2. *Meritorious Defense*

Next, the Court is unable to determine whether Defendants have a meritorious defense to any of Plaintiffs' claims because it did not answer or respond to the Complaint and did not oppose this motion. *See Empire State Carpenters Welfare v. Darken Architectural Wood*, 11-cv-0046, 2012 U.S. Dist. LEXIS 5275, at *7 (E.D.N.Y., Jan. 17, 2012) (Report and Recommendation), *adopted by*, 2012 U.S. Dist. LEXIS 32924 (E.D.N.Y., Mar. 12, 2012). Accordingly, this factor weighs in favor of granting De Jesus's motion.

### 3. *Prejudice*

The final factor to consider is prejudice to Plaintiff in the event the motion is denied. A denial of the motion would be prejudicial because there is no other method by which De Jesus can obtain relief from the Court. *See Trs. of the Pavers & Rd. Builders Dist. Council Welfare v. JREM Constr. Corp.*, 12-cv-3877, 2013 U.S. Dist. LEXIS 23962, at *26 (E.D.N.Y., Jan. 28, 2013) *Amended Report and Recommendation adopted by*, 2013 U.S. Dist. LEXIS 22321 (E.D.N.Y., Feb. 12, 2013); *see also PJF Trucking*, 2014 U.S. Dist. LEXIS 134095 at *21 ("Denying this motion would be prejudicial to Plaintiffs 'as there are no additional steps available to secure relief in

this Court" (internal quotation marks omitted)).   Accordingly, the Court concludes that entry of a default judgment is appropriate.

**C.**   **Damages**

Having established Defendants' liability, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed."   *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).   Here, Plaintiff seeks compensatory damages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

As an initial matter, a "determination of damages requires consideration of the applicable limitations under each statute."   *Cortes v. Warb Corp.*, No. 14-cv-7562, 2016 WL 1266596, at *2 (E.D.N.Y. Mar. 15, 2016), *Report and Recommendation adopted by*, 2016 WL 1258484 (E.D.N.Y. Mar. 30, 2016).   The statute of limitations under the FLSA is two years but extends to three years for willful violations. 29 U.S.C. § 255(a).   A violation is willful if a plaintiff shows "that the employer either knowingly violated its obligations under the FLSA or showed reckless disregard for whether its conduct was prohibited by that statute."   *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086, 2016 WL 2909966, at *5 (E.D.N.Y. Mar. 18, 2016), (Report and Recommendation), *adopted by*, 2016 WL 2758272 (E.D.N.Y. May 12, 2016). A claim under the FLSA accrues on the "regular payday immediately following the work period for which services were rendered and not properly compensated." *Francois v. Mazer*, 09 CIV. 3275, 2012 WL 653886, at *4 (S.D.N.Y. Feb. 28, 2012). The limitations period under the NYLL is six years.   *See* N.Y. Lab. Law § 198(3).

17

Here, De Jesus sufficiently alleges a willful violation such that the three-year limitations period under the FLSA applies, and as the Complaint was filed on January 18, 2017, Plaintiff is entitled to relief for that occurred on or after January 18, 2014. *See* Compl. ¶ 40. Further, considering the six-year limitation period, the entirety of Plaintiff's employment period—from June 2013 to February 2016—is timely under the NYLL. However, while "plaintiffs may not recover under both the FLSA and NYLL for the same injury, courts allow plaintiffs to recover under the statute that provides for the greatest relief." *Ni v. Bat-Yam Food Servs. Inc.*, No. 13-cv-7274, 2016 WL 369681, at *1 (S.D.N.Y. Jan. 27, 2016); *see also Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195, 2012 WL 1669341, at *5 (S.D.N.Y. Mar. 26, 2015). To that end, because the NYLL's six-year limitation period allows for greater or equal recovery than the FLSA's three year timeframe, the Court will apply the NYLL for all damages calculations. *See Luna v. Gon Way Constr., Inc.*, No. 16-cv-1411, 2017 WL 835321, at *15 (E.D.N.Y. Feb. 14, 2017), *Report and Recommendation adopted*, No. 16-cv-1411, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017) (recommending that "the District Court find that Plaintiffs are permitted to recover liquidated damages for unpaid wages and unpaid overtime under the greater of the FLSA or NYLL"). Accordingly, the Court recommends a finding that Plaintiff's claims are subject to NYLL's six-year statute of limitations, and his damages arising thereunder will be calculated from June 2013 through November 2016.

1. *Compensatory Damages*

Initially, the Court notes that in support of his claim for damages, Plaintiff submits a sworn declaration reciting the hours worked for the relevant periods of employment. *See* De Jesus Decl. ¶¶ 2, 5. Where, as here, a defendant fails to rebut a plaintiff's assertions of hours worked and the rate of pay, the Court credits the plaintiff's recollection. *See Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-cv-7310, 2016 WL 1359218, at *2 (E.D.N.Y. Mar. 17, 2016), *Report and Recommendation adopted sub nom.*, *Perez v. Yang Cleaners*, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) ("When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct."); *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08CIV.6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), (Report and Recommendation), *adopted by*, 08CIV.6071, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) ("In a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct."). Accordingly, the Court relies on Plaintiff's recollection in calculating the amount of outstanding overtime and minimum wage compensation.

i. *Minimum Wage Damages*

Turning to the calculation of minimum wage damages, De Jesus seeks unpaid minimum wage compensation for his position as a busboy under the FLSA and NYLL for the period of June 2013 through November 2016. *See* De Jesus Decl. ¶¶ 1-5. Initially, the Court notes that the federal minimum wage does not preempt the state minimum wage, *see* 29 U.S.C. § 218(a), and a plaintiff may recover under whatever

19

statute provides the highest measure of damages.  *See Jiao v. Shi Ya Chen*, No. 03-cv-165, 2007 WL 4944767, at *17 (S.D.N.Y. Mar.30, 2007).  "Therefore, the plaintiffs are entitled to recover whichever minimum wage—state or federal—was the highest at any given period of their employment."  *Wicaksono v. XYZ 48 Corp.*, No. 10-cv-3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *Report and Recommendation adopted*, No. 10-cv-3635, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (citing *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-v-3725 DC, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010).  New York's minimum wage rate during the relevant period was:  (1) $7.15 per hour from December 31, 2007 through December 30, 2013; (2) $8.00 per hour from December 31, 2013 through December 30, 2014; (3) $8.75 per hour from December 31, 2014 through December 30, 2014; and (4) $9.00 per hour from December 31, 2015 through December 31, 2016.  *See* N.Y. Lab. L. § 652(1); 12 N.Y.C.R.R. § 146-1.3.  Since July 24, 2009, the federal minimum wage has been $7.25 per hour.  *See* 29 U.S.C. § 206(a)(1)(B–C).  Here, De Jesus alleges that, during the period of June 2013 through November 2016, he worked 45 hours per week as a busboy and was paid $4.00 per hour.  Therefore, applying the higher minimum wage rate available under the FLSA or the NYLL within the applicable limitations period, De Jesus is entitled to $35,370.00 in unpaid minimum wage compensation.[4]

---

[4] This figure was calculated by multiplying the hours worked per week with the difference between the highest available minimum wage rate and De Jesus's salary and further multiplied by the number of weeks worked in the applicable period.  For example, between the 28-week period from June 2013 through December 2013, the highest applicable minimum wage rate was $7.25 per hour, which considering De Jesus's $4.00 per hour wage as a busboy, results in a $3.25 difference.  Therefore, as De Jesus worked 45 hours per week as a busboy, he is owed $4,095.00 for that period ($3.25 (unpaid minimum wage per hour) x 45 (hours worked per week) x 28 (the weeks worked within the applicable period) = $4,095.00 (unpaid minimum wage for June 2013 through December 2013)).  Thereafter, because the minimum wage was increased to $8.00 and for the 52-week period of January 2014

### ii. Overtime Claims

De Jesus also seeks unpaid overtime compensation.  The FLSA and NYLL requires overtime compensation to an employee "at a rate not less than one and one-half times the regular rate at which he is employed."  *See* 29 U.S.C. § 207(a)(1); *see Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179, 2014 WL 988835, at *7 (E.D.N.Y. Mar. 12, 2014) ("The NYLL overtime compensation scheme is identical to the FLSA requirements in that it obligates employers to pay employees a fifty[]percent premium for each of their overtime hours.").  Overtime wages due are calculated by "multiplying the number of overtime hours worked in a week by the overtime rate, which is one half of the usual hourly rate." *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. CV 11-3384, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012), *Report and Recommendation adopted by*, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).

Here, Plaintiff seeks overtime wages both in his positions as dishwasher and busboy, respectively.  As a dishwasher, Plaintiff had an hourly rate of $9.00 and he worked seven hours of overtime per week for one-hundred and eighty weeks.  *See* De Jesus Decl. ¶ 5.  Multiplying half of the relevant hourly rate by the number of overtime hours per week and the number of weeks worked yields overtime

---

through December 2014, Plaintiff is owed $9,360.00 ($4.00 (unpaid minimum wage per hour) x 45 (hours worked per week) x 52 (the weeks worked within the applicable period) = $9,360.00 (unpaid minimum wage for January 2014 through December 2014)).  Further, in 2015, the minimum wage rate was increased to $8.75 and therefore De Jesus is owed $11,115.00 ($4.75 (unpaid minimum wage per hour) x 45 (hours worked per week) x 52 (the weeks worked within the applicable period) = $11,115.00 (unpaid minimum wage for January 2014 through December 2014)).  Finally, in 2016, the minimum wage rate was increased to $9.00 and therefore De Jesus is owed $10,800.00 ($5.00 (unpaid minimum wage per hour) x 45 (hours worked per week) x 48 (the weeks worked within the applicable period) = $10,800.00 (unpaid minimum wage for January 2016 through November 2016)).  The total owed in minimum wages is 35,370.00.

compensation amounting $5,670.00.  Turning to his position as a busboy, and using the same calculation as above, Plaintiff is owed a total sum of $4,483.00.[5]  Together, this yields a total of $10,153.00 in unpaid overtime compensation.  Accordingly, the Court recommends that Plaintiff be awarded $10,153.00 in unpaid overtime compensation and total compensatory damages are for $47,252.00.

### iii. Wage Statement Claim

As set forth above, Section 195(3) requires that every employer provide to his or her employees "a statement with every payment of wages."  N.Y. Lab. L. § 195(3).  Section 198 also requires individualized calculations of damages for violations of Section 195(3).  From April 9, 2011 through February 26, 2015, an employee could recover $100 for each work week that the employer violated Section 195(3) by failing to provide wage notices, up to a statutory maximum of $2,500.00.  *See* N.Y. Lab. L. § 198(1-d) (effective April 9, 2011). From February 27, 2015 onward, an employee could recover $250 for each work day that the employer was in violation of Section 195(3), up to a statutory maximum of $5,000.00.  *See* N.Y. Lab. L. § 198(1-d) (effective February 27, 2015).  Here, De Jesus establishes that he worked more than 20 work

---

[5] The Court notes that as De Jesus's 'regular rate' as a busboy was below the required minimum wage, his overtime rate is calculated using the required minimum wage as the 'regular rate.'" *Peralta v. M & O Iron Works, Inc.*, No. 12-cv-3179, 2014 WL 988835, at *7 (E.D.N.Y. Mar. 12, 2014).  Therefore, the calculations for De Jesus's overtime compensation as a busboy are as follows:  (1) for the period of June 2013 through December 2013, half of the hourly rate is $3.62 ($7.25/2=$3.62), and multiplying that by the number of overtime hours worked weekly with the weeks within the period, 140, yields a total of $506.80; (2) for the period of January 2014 through December 2014, half of the hourly rate is $4.00 ($8.00/2=$4.00), and multiplying that by the number of overtime hours worked weekly with the weeks within the period, 260, yields a total of $1,040.00; (3) for the period of January 2015 through December 2015, half of the hourly rate is $4.37 ($8.75/2=$4.37), and multiplying that by the number of overtime hours worked weekly with the weeks within the period, 260, yields a total of $1,136.20; and (4) for the period of January 2016 through November 2016, half of the hourly rate is $4.50 ($9.00/2=$4.50), and multiplying that by the number of overtime hours worked weekly with the weeks within the period, 240, yields a total of $1,800.00.

days after February 27, 2015, and each is therefore entitled to the maximum award of $5,000.00 under Section 195(3).

### D.  Liquidated Damages

The Court further recommends that Plaintiff be awarded liquidated damages. Under the FLSA and NYLL, liquidated damages are awardable in an amount equal to the unpaid compensation "unless the employer can show that it acted in good faith."[6]  *Valdez*, 2016 WL 3079028, at *6 (quoting 29 U.S.C. § 216(b)); *see* N.Y. Lab. Law §§ 663(1), (2).  While an award of duplicative liquidated damages under the FLSA and NYLL for is prohibited, *see Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018), courts within this Circuit have allowed recovery under the statute that provides the greatest relief.[7]  *See Castillo v. RV Transp., Inc.*, No. 15-cv-0527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016); *see also Luna*, 2017 WL 835321, at *15.  To that end, considering the six-year limitation period, the Court recommends an award of liquidated damages under the NYLL.

Here, the Court finds that Defendants' default alone is sufficient to demonstrate a lack of good faith.  *See Valdez*, 2016 WL 3079028, at *6 ("As the defendants here have defaulted, they have not shown they acted in good faith.").  De Jesus also alleges facts suggesting that Defendants knowingly violated the federal and state overtime requirements.  *See* Compl. ¶ 33.  Accordingly, Plaintiff is entitled

---

[6] Effective November 24, 2009, liquidated damages are awardable under the NYLL "unless the employer proves a good faith basis to believe that its underpayment was in compliance with the law . . . ."  N.Y. Lab. Law § 663(2).

[7] The Court notes that the Second Circuit has not specifically addressed whether a plaintiff entitled to the greater award of liquidated damages under the FLSA and NYLL.  *See Rana*, 887 F.3d at 123 ("Whether a plaintiff entitled to liquidated damages in the context of both the NYLL and FLSA should always receive the larger of these damages amount we leave to be decided in a future case.").

to liquidated damages in the form of 100% of his unpaid overtime and minimum wages due for the period of June 2013 through November 2016, under the NYLL which amounts to $47,252.00.  Accordingly, the Court recommends that Plaintiff be awarded liquidated damages totaling $47,252.00 and a total damage amount of $94,504.00.

### E.   **Prejudgment Interest**

Plaintiff also seeks prejudgment interest under the NYLL.  Although it is "well settled" that prejudgment interest is not awardable under the FLSA, *Begum v. Ariba Disc., Inc.*, 12-CV-6620, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015), "the NYLL permits the award of both liquidated damages and pre-judgment interest."  *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015).  Under the New York Civil Practice Law and Rules ("CPLR"), "[i]nterest shall be at the rate of nine per centum per annum."  N.Y. C.P.L.R. § 5004.  Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date."  N.Y.C.P.L.R. § 5001(b); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-04760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013).  A common date is "[t]he median date between the earliest ascertainable date the cause of action existed and the date the action was filed . . . ."  *Gunawan*, 897 F. Supp. 2d at 93; *see also Tackie v. Keff Enterprises, LLC*, No. 14-cv-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) ("In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period.").  Further, an NYLL plaintiff may recover prejudgment interest only on his "actual damages . . .

24

under the NYLL, . . . not [his] liquidated damages." *Marcelino v. 374 Food, Inc.*, No. 16-cv-6287, 4, at *21 (S.D.N.Y. Mar. 27, 2018)

Here, the relevant period of employment for Plaintiff's claims under the NYLL is June 2013 through November 2016.[8]  The mid-point between those two dates is March 9, 2015 and De Jesus's actual damages under the NYLL total $47,252.00.  The Court calculates the accrued pre-judgment interest on this amount at a rate of 9% per year as $13,467.40.[9]  And, as the unpaid wages remain outstanding, daily interest shall continue to accrue at the rate of $11.65 per day for each day until judgment is entered.  Accordingly, the Court recommends that a pre-judgment interest award amounting to $13,467.40 be awarded to Plaintiff, with interest accruing at a daily rate of $11.65 until judgment is entered.

## F.   <u>Attorneys' Fees and Costs</u>

Finally, De Jesus seeks attorneys' fees and costs.  The Court considers each request in turn.

### 1.   *Attorneys' Fees*

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. §§ 198(1)-(2), 663(1); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York

---

[8] Consistent with Plaintiff's submissions, the Court uses June 15, 2013 and November 30, 2016 as the respective starting and final dates of employment for calculation purposes.  *See* Rehman Decl. at 2.
[9] This figure was reached by taking the number of days between the mid-point selected, March 9, 2015, and the date of this Order, May 7, 2018 (1,156 days) and multiplying it by the daily interest rate of $11.65 ($47,252.00 (unpaid wage) x 0.09 (yearly interest) = $4,252.68 (yearly interest) / 365 days = $11.65 per day interest).

state law provide for an award of reasonable attorneys' fees and costs."). Whether an attorneys' fee award is reasonable is within the discretion of the court. *De Jesus Galindo v. BLL Rest. Corp.*, No. 15 CIV. 5885 , 2018 WL 1684412, at *3 (S.D.N.Y. Apr. 6, 2018). "A one-third contingency fee is a commonly accepted fee in this Circuit." *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-cv-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)); *Penafiel v. Babad Mgmt. Co., LLC*, No. 17-cv-4629, 2018 WL 1918613, at *3 (S.D.N.Y. Apr. 19, 2018). Here, Plaintiff's counsel, Aneeba Rehman, Esq., charged Plaintiff a contingent rate of one-third for any amount recovered, which the Court concludes is reasonable. *See* Contract between Pervez & Rehman, P.C. and Manuel De Jesus, DE [18-4], Ex. G. Accordingly, consistent with the above agreement, the Court recommends granting attorneys' fees in the amount of one-third of Plaintiff's recovery which amounts to $37,280.56.

### 2. *Costs*

De Jesus also seeks recovery for costs incurred in bringing the instant action. Both the FLSA and NYLL also provide for the recovery of reasonable costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-cv-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL] similarly allow prevailing Plaintiff to recover costs from defendants."). Recoverable costs generally include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested."  *Ganci*, 2015 WL 1529772, at *8 (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).  In the absence of adequate substantiation, a party is not entitled to recover costs.  *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Here, Plaintiff seeks to recover a total of $1,076.96 in total costs. *See* Plaintiff's Time Records, DE [18-4], Ex. H.  Plaintiff seeks $746.96 in costs for filing fees, service of process and postage, which the Court finds is generally recoverable.  *See*, *e.g.*, *Cardoza v. Mango King Farmers Market Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015) ("Costs relating to filing fees, process servers, postage and photocopying are ordinarily recoverable.").  Plaintiffs also seek $330.00 for translation and transcription services, which the Court also finds recoverable.  *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908, 2015 WL 790060, at *15 (E.D.N.Y. Feb. 24, 2015) ("[I]terpretation services are a recoverable cost."); *see also Kalloo v. Unlimited Mechnical Co. of NY*, 977 F. Supp. 2d 209, 214 (E.D.N.Y. 2013) (finding the costs of transcripts of depositions was a reasonable cost).  Accordingly, the Court recommends that Plaintiff be awarded $1,076.96 in costs.

## IV.     Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. Specifically, the Court recommends that the motion be granted as to De Jesus's FLSA and NYLL overtime and minimum wage claims as well as his NYLL wage statement cause of action but denied as to his NYLL spread of hour claim.  The Court also recommends that, due to De Jesus's failure to properly serve Flores, the claims against him be dismissed without prejudice.  Further, the Court recommends that De Jesus be awarded damages totaling $112,971.40, comprised of:  (i) $47,252.00 in compensatory damages; (ii) $47,252.00 in liquidated damages; (iii) $5,000.00 for Defendants' failure to provide wage statements under NYLL 195(3); and (iv) $13,467.40 in prejudgment interest, with interest accruing at a daily rate of $11.65 until judgment is entered.  Finally, the Court recommends that Plaintiff's counsel be awarded one-third of De Jesus's recovery for a sum of $37,218.58 in attorneys' fees and an additional $1,076.96 in costs for a total recovery of $151,328.92.

## V.     Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Plaintiff is directed to serve a copy on Defendants and promptly file proof of service by ECF.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report.  Failure to file objections within the specified time waives the

right to appeal to the District Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a),

72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008);

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v.  Merchants Bank*, 84

F.3d 52, 60 (2d Cir. 1996)

Dated:       Central Islip, New York
             May 7, 2018

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge