**FILED**
**CLERK**

2:15 pm, Dec 06, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MANUEL DE JESUS, on behalf of himself and
others similarly situated,

                    Plaintiff,

          -against-

SEA CREST DINER- RESTAURANT,
SEACREST PALACE DINER INC., PEDRO
FEROFINO and JOSE FLORES,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-00275 (ADS) (SIL)

APPEARANCES:

**Pervez & Rehman, P.C.**
*Counsel for the Plaintiffs*
68 South Service Road Suite 100
Melville, NY 11747
          By:    Aneeba Rehman, Esq.,
                 Nadia M. Pervez, Esq, Of Counsel.

**SPATT, District Judge**:

          On January 18, 2017, the Plaintiff commenced the instant action against Defendants Sea

Crest Diner-Restaurant ("Sea Crest Diner"), Sea Crest Palace Diner, Inc. ("Sea Crest Palace"),

Pedro Ferofino ("Ferofino") and Jose Flores ("Flores") (collectively "Defendants"), alleging

failure to: (1) compensate for overtime hours worked in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law §

650 et seq.; (2) pay the minimum wage in violation of the FLSA and NYLL; (3) compensate for

the spread of hours premium under the NYLL; and (4) provide wage statements in accordance

with NYLL § 195(3). ECF 1.

1

On January 16, 2018, after Defendants failed to answer or otherwise respond, the Clerk of the Court entered default against Defendants Ferofino, Sea Crest Diner and Sea Crest Palace. ECF 16.

On March 1, 2018, the Plaintiff filed the instant motion for default judgment. ECF 18.

On March 2, 2018, the Court referred the motion to United States Magistrate Judge Steven I. Locke for a Report and Recommendation as to whether a default judgment should be granted and, if so, to determine the appropriate amount of damages. Electronic Order dated March 2, 2018.

On May 7, 2018, Judge Locke issued a Report and Recommendation ("R&R") recommending as follows:

> [T]he Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part. Specifically, the Court recommends that the motion be granted as to De Jesus's FLSA and NYLL overtime and minimum wage claims as well as his NYLL wage statement cause of action but denied as to his NYLL spread of hour claim. The Court also recommends that, due to De Jesus's failure to properly serve Flores, the claims against him be dismissed without prejudice. Further, the Court recommends that De Jesus be awarded damages totaling $112,971.40, comprised of: (i) $47,252.00 in compensatory damages; (ii) $47,252.00 in liquidated damages; (iii) $5,000.00 for Defendants' failure to provide wage statements under NYLL 195(3); and (iv) $13,467.40 in prejudgment interest, with interest accruing at a daily rate of $11.65 until judgment is entered. Finally, the Court recommends that Plaintiff's counsel be awarded one-third of De Jesus's recovery for a sum of $37,218.58 in attorneys' fees and an additional $1,076.96 in costs for a total recovery of $151,328.92.

ECF 19.

The Plaintiff filed proof of service on November 14, 2018. ECF 20.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its

result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiff's motion for default judgment is granted in part and denied in part. Specifically, the motion is granted as to De Jesus's FLSA and NYLL overtime and minimum wage claims as well as his NYLL wage statement cause of action but denied as to his NYLL spread of hour claim. Further, the claims against Flores are dismissed without prejudice. The Plaintiff is awarded damages and attorney's fees in the amount explained in the R&R.

**SO ORDERED**.

Dated:  Central Islip, New York

December 6, 2018

___/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge